[Civ. No. 17064.   Second Dist., Div. One.   Dec. 14, 1949.]

Estate of RUBY SARGAVAK, Deceased. H. KURKJIAN et al., Appellants, v. ARKOOHI SARAVAKIAN et al., Respondents.

Cameron & Perkins for Appellants.

Robert M. Dulin and Melvin E. Fink for Respondents.

DORAN, J.—Ruby Sargavak died in Los Angeles on March 22, 1947, leaving a will dated July 9, 1945. This will was admitted to probate without contest; thereafter appellants, as heirs at law, filed a "Contest of Will after Probate, alleging that when the will was executed, Ruby Sargavak was mentally incapacitated." There was a trial by jury; defendants' motions for nonsuit and for a directed verdict were denied, and the jury returned a special verdict that at the time of signing the alleged will, Ruby Sargavak was not of sound mind. The trial court thereafter granted a motion for judgment notwithstanding the verdict, ordering that the former probate of decedent's will "be not revoked." The appeal is from the judgment so entered.

It is appellants' contention that "The verdict of a jury in a will contest case is not merely advisable, but it is mandatory on the trial court to enter judgment pursuant to and in accordance with, the jury's verdict." Appellants' brief also states that "A motion for judgment notwithstanding the verdict may be properly granted only if it appears from the evidence, viewed in the light most favorable to the party securing the verdict, that there is no substantial evidence to support the verdict." Testimony given by various witnesses is then quoted, which appellants insist, furnishes "substantial evidence from which the jury could reasonably infer that Mrs. Sargavak was of unsound mind."

Respondents' brief maintains that the probate court has the power to enter a judgment *non obstante veredicto,* and that the record in the present case fails to show any lack of competency to execute the will, and that it was a proper case in which to enter such a judgment notwithstanding the verdict. A résumé of the evidence, respondents insist, indicates that while testatrix' "intellectual faculties were considerably

enfeebled," nevertheless there was no substantial showing of testamentary incompetence.

Appellants' contention that in a will contest the trial court has no authority to grant a judgment notwithstanding the verdict is predicated upon section 371 of the Probate Code which provides that "Any issue of fact involving the competency of the decedent . . . *must be tried by a jury,* unless a jury is waived"; and section 373 providing that "The jury must return a special verdict upon the issues submitted to them by the court; and *upon the verdict* . . . the court must render judgment, either admitting the will to probate or rejecting it." (Appellants' italics.) Likewise section 382 dealing with contests after probate, states that "a trial by jury must be had," and that "If the jury shall find or the court shall decide that the will is invalid . . . the probate must be revoked."

The question whether a trial court is authorized to enter a judgment notwithstanding the verdict in such a case as the present has received consideration in various California cases, notably, *In Estate of Hettermann,* 48 Cal.App.2d 263 [119 P.2d 788], where the court said: "The law of this state regarding the power of the court to grant such a motion is well established and was stated by this court in *Collins* v. *Nelson* (1936), 16 Cal.App.2d 535, 537, 538 [61 P.2d 479] . . .. As there held, the power of the court to order a judgment notwithstanding the verdict is subject to the same rules as the power to grant a nonsuit or to direct a verdict. . . . These rules are applicable to probate proceedings tried before a jury." In *Estate of Arnold,* 16 Cal.2d 573 [107 P.2d 25] the reviewing court held that "there was no substantial evidence presented by contestant in support of the finding of the jury that Arnold was not of sound and disposing mind . . .. It was, therefore, the duty of the trial court to grant the motion for judgment in favor of proponents notwithstanding the verdict of the jury in favor of contestant." *Estate of Green,* 25 Cal.2d 535 [154 P.2d 692], relied upon by appellants, merely holds that the verdict of a jury in such cases is not "advisory" but mandatory, and did not dispute the court's authority to grant, in a proper case, a motion for judgment notwithstanding the verdict. Indeed, it may be inferred that propriety of such procedure is assumed since the opinion says: "Reviewing the evidence under the rule . . . it is our opinion that the court did not err in denying proponents' motion for

judgment notwithstanding the verdict.'' Appellants' contention that the trial court had no authority to enter such a judgment must therefore be resolved against such contention.

On July 9, 1945, the date of the disputed testament, Ruby Sargavak, the testatrix, was approximately 75 years of age. On the same day, Harry Sargavak, testatrix' husband, executed a similar will, each will leaving the estate to the survivor, with specific bequests in the same proportions to the same beneficiaries. Mrs. Sargavak's will was substantially the same as a previous testament executed in 1942 with the exception that certain charitable bequests were eliminated in the later will for the reason that gifts to charity had already been effected. Harry Sargavak died May 10, 1946, and testatrix died March 22, 1947, one year, eight months and 13 days after execution of the will here under consideration.

Contestants and other witnesses expressed an opinion that the testatrix was of unsound mind when the will was executed. Such an opinion was given by nurses who had cared for Mrs. Sargavak in 1945 shortly before the will was executed. This opinion was based upon such facts as that testatrix thought there were devils in the room; that sometimes testatrix failed to recognize certain people; that after Mr. Sargavak died testatrix thought the husband was still alive; that Mrs. Sargavak had accused the nurses of flirting with Mr. Sargavak, aged about 80; that at times testatrix had no control over bladder or bowels, etc.

On the other hand, there was testimony by Attorney Channeson who prepared and witnessed the will, and who had known Mrs. Sargavak since 1903, that testatrix was not of unsound mind. In like manner, Dr. Boyajian, decedent's physician from April, 1945, until the date of death, expressed the opinion that testatrix was of sound mind when the will was executed. The physician further testified that Mrs. Sargavak had sustained a previous spinal injury and was suffering from kidney condition and from hardening of the arteries; that testatrix had brief periods of mental cloudiness. Other witnesses, including ministers, nurses, neighbors and others having opportunities for observation, testified that testatrix was not mentally incompetent.

The record therefore clearly indicates that a substantial conflict of evidence existed in respect to the question of competency. This, the jury, after hearing all of the evidence, resolved in favor of the contestants' claims, and rendered a special verdict to the effect that testatrix was incompetent at

the time the will was executed. In this state of the record, it appears that the trial court should not have annulled the verdict by granting respondents' motion for judgment notwithstanding the verdict.

The rule in reference to the granting of a motion for judgment notwithstanding the verdict is well established. In *Estate of Hettermann*, 48 Cal.App.2d 263, 266 [119 P.2d 788], the court says: "Such an order can be made only when, disregarding conflicting evidence and giving to the evidence favoring the party for whom the verdict was returned all the value to which it is legally entitled, herein indulging in every legitimate inference in his favor which may be drawn from the evidence, the result is a determination that there is no evidence substantially to support the verdict. In making such an order the trial court may not weigh all the evidence of both sides or judge of the credibility of the witnesses, as it may do on a motion for a new trial, but must accept the evidence tending to support the verdict as true, unless on its face it should be inherently incredible. These rules are applicable to probate proceedings tried before a jury."

In the respondents' brief it is conceded that the above rule is applicable, and that "the weight of the evidence cannot with propriety be argued upon here." It is contended, however, that "this does not mean that the testimony offered on behalf of the contestants must alone be considered, and that the trial court was entitled to look at the whole evidence, including that offered by the proponents," citing *Estate of Smethurst*, 15 Cal.App.2d 322 [59 P.2d 830]. In that case the reviewing court did so state, and said: "Also there need not be an absence of conflict in the evidence, for to deprive the court of the right to exercise this power, there must be a *substantial* conflict, and that presupposes at least a comparison of the substance of the conflicting testimony of contestants and proponents." (Italics added.)

That a substantial conflict exists in the evidence introduced by contestants and proponents, cannot be denied. Nor can it be denied that the function of a jury is to resolve such conflicts. It is evident that the power of a trial court to grant a judgment notwithstanding the verdict was never intended to oust a jury from its proper sphere of activity but was rather devised to insure that the jury keep within its proper limits. The procedure of granting a motion for judgment notwithstanding the verdict was designed solely to afford a

remedy where a jury has returned a verdict supported by no substantial evidence. This is not the situation disclosed by the present record, and respondents' statement that "There was no evidence whatsoever of testamentary incapacity" is clearly incorrect. Since there is substantial evidence supporting the verdict, the jury's determination of the issue of fact involving testatrix' competency, must stand.

The judgment is reversed with direction to enter judgment for contestants in accordance with the verdict rendered.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied January 4, 1950, and respondents' petition for a hearing by the Supreme Court was denied February 8, 1950. Shenk, J., and Schauer, J., voted for a hearing.